IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL, LTD., | )<br>)<br>) CASE NO. 1:11-cv-09064 |
| Plaintiff, | )<br>) |
| | ) Judge: Hon. Harry D. Leinenweber |
| v. | ) Magistrate: Hon. Morton Denlow |
| | ) |
| DOES 1-31, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Plaintiff PACIFIC CENTURY INTERNATIONAL, LTD. respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), to enter an Order compelling COMCAST CABLE COMMUNICATIONS, LLC ("Comcast") to comply with a subpoena *duces tecum* served on March 13, 2012, with respect to the above-referenced matter currently pending in this Court. Plaintiff seeks to obtain identifying information associated with internet service account subscribers including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address pursuant to a subpoena *duces tecum* served on Comcast.

**INTRODUCTION**

Plaintiff filed its Complaint ("Complaint") in this Court against thirty-one "John Doe" defendants on December 21, 2011, alleging copyright infringement and civil conspiracy. Docket ("Dkt.") #1. Plaintiff alleged that the Defendants illegally reproduced and distributed Plaintiff's

1

copyrighted video amongst each other. Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees and other relief.

Plaintiff does not know the true names of the Doe Defendants, but Plaintiff has identified each of them by a unique Internet Protocol ("IP") address which corresponds to the date and time of the alleged infringing activity. (*See* declaration of Peter Hansmeier ("Hansmeier Decl."), attached as Exhibit A to Plaintiff's Motion for Expedited Discovery (Dkt. #5) at ¶ 15). Additionally, Plaintiff gathered evidence of the infringing activities. (*Id.* ¶¶ 12–20). Plaintiff's agent downloaded the video file that Defendants unlawfully distributed and confirmed that the file consisted of Plaintiff's copyrighted video. (*Id.* ¶ 19). All of this information was gathered by a technician using procedures designed to ensure that the information gathered about Defendants was accurate. (*Id.* ¶¶ 12-13).

Plaintiff also identified the Internet Service Providers ("ISPs") that provide Internet service to the Defendants. (*Id.* ¶¶ 15–18). When presented with an IP address and the date and time of infringing activity, an ISP can identify the name and address of the ISP's subscriber because that information is contained in the ISP's subscriber activity log files. (*Id.* ¶¶ 21–22). ISPs typically maintain log files of subscriber activities for only limited periods of time—sometimes for as little as weeks or even days—before erasing the data. (*Id.*)

On December 22, 2011, Plaintiff filed a motion with this Court requesting expedited discovery for the purpose of obtaining the basic identifying information of the Defendants. ("Motion," Dkt. #5). Plaintiff requested the Court to allow it to take discovery on an expedited and *ex parte* basis because, among other things, Plaintiff needs this information to proceed

2

forward with its case and because the information is under an imminent threat of permanent destruction.

This Court granted Plaintiff's Motion on January 10, 2012. (Dkt. #10). Plaintiff served a subpoena issued out of the U.S. District Court for the Northern District of Illinois to Comcast on or about March 13, 2012. (A true and correct copy of that subpoena ("Subpoena') is attached at Exhibit A hereto and made apart hereof). Comcast subsequently served several objections to the Subpoena, dated March 22, 2012. (A true and correct copy of those objections ("Objections") is attached at Exhibit B hereto and made apart hereof). Counsel for the undersigned law firm, pursuant to Local Rule 37.2, held a meet-and-confer conference ("Meet-and-Confer") by telephone with counsel for Comcast on April 24, 2012. After consultation by telephone and good faith attempts to resolve their differences, the parties are unable to reach an accord.

Among other things, counsel for Comcast indicated in both its March 22, 2012 letter and during the Meet-and-Confer that Comcast intended to produce no documents responsive to the Subpoena, and that its Objections were its only intended response. For the reasons set forth below, Comcast has not identified a single valid basis to avoid compliance with the Subpoena. Plaintiff therefore respectfully requests that this Court grant this Petition, and direct Comcast to immediately produce any and all information within its possession, custody and control that is responsive to the Subpoena.

## ARGUMENT

Rule 45, among other things, sets forth an exhaustive list of grounds on which a subpoena may be quashed or modified:

3

Rule 45(c)(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Comcast's objections fall outside the list of relevant challenges set forth in Rule 45(a)(3). The Court should therefore strike all of them. In addition to being impermissible under Rule 45(c)(3), Comcast's Objections also fail for other, independent reasons. Plaintiff addresses certain of them below, and the Court should strike each of them.

I. **PLAINTIFF HAS OFFERED TO PAY FOR REASONABLE COSTS OF RESPONDING TO THE SUBPOENA AND ITS REFUSAL TO PRODUCE DOCUMENTS ON THAT BASIS IS INVALID.**

Comcast objects that Plaintiff has "not offered to reimburse [it] for its reasonable expenses" for responding to the Subpoena. Plaintiff has agreed to reimburse Comcast, and it is

4

Plaintiff's counsel's understanding that Comcast will withdraw this objection in light of Plaintiff's offer to reimburse Comcast its reasonable expenses in responding to the subpoena.

## II. COMCAST'S OBJECTION FOR LACK OF A "COURT ORDER" FAILS.

Comcast also premises its refusal to comply with the Subpoena on the ground that "the federal Communications Act prohibits [it] from providing any of the subpoenaed information to you without prior notice to the affected subscriber and a court order with reasonable time allotted for the subscriber to interpose objections." That argument fails because the U.S. District Court for the Southern District of Texas has issued an order which authorized Plaintiff to serve the Subpoena and commanded Comcast to respond.

Section 551(c)(2)(B) of The Cable Act provides, among other things, that a cable operator may disclose "personally identifiable information" "if the disclosure is … (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." Subsection (h) pertains to disclosure of information to governmental entities and does not offer grounds to refuse to produce personally identifiable information here.

Although Comcast demands issuance of a court order before it will comply with the Subpoena, such an order has already been issued. This Court issued the Order on March 5, 2012 (the "March 4 Order") (Dkt. #14). The March 5 Order provided, among other things, that "Plaintiff may immediately serve Rule 45 subpoenas, which are limited to the following categories of entities and information: From Internet Service Providers (ISPs) identified in the Exhibit A attached to the Complaint and any other entity identified as a provider of Internet services to one of the Doe Defendants in response to a subpoena or as a result of ongoing

5

BitTorrent activity monitoring: information sufficient to identify each Defendant, including name, current (and permanent) address, telephone number, e-mail address, and Media Control Access Number…" (*Id.*) Furthermore, the Court ordered that "if any entity subpoenaed pursuant to the Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 30 days from the date of service…" (*Id*)

Comcast's objection ignores the March 5, 2012 Order, which plainly authorizes Plaintiff to serve the Subpoena and requires Comcast to respond to it. Indeed, Comcast has produced documents in response near-identical orders in the past, so it is unclear why it contends that the present order lacks legal significance.

## **CONCLUSION**

For the reasons set forth above, Plaintiff, Pacific Century International, Ltd., respectfully requests that this Court grant its motion; direct Comcast Cable Communications, LLC to immediately comply with its Subpoena; and to grant any and all further relief that this Court deems to be reasonable and appropriate.

[*Intentionally left blank*]

Respectfully submitted,

PACIFIC CENTURY INTERNATIONAL, LTD.

DATED: May 7, 2012

By:   /s/ Paul A. Duffy
Paul A. Duffy, Esq.
Bar Number: 6210496
Penda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 7, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

By: /s/ Paul A. Duffy