**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL LTD, | CASE NO. 1:11-cv-09064 |
| Plaintiff, | |
| | Judge: Hon. Harry D. Leinenweber |
| v. | |
| | Magistrate Judge: Hon. Morton Denlow |
| DOES 1 – 31, | |
| Defendants. | |

**PLAINTIFF'S REPLY TO OBJECTOR'S MEMORANDUM OF LAW IN OPPOSITION**

Third-Party Objector Comcast Cable Communications LLC ("Comcast") filed a memorandum in opposition to Plaintiff's motion to compel compliance with its subpoena. (ECF No. 22.) Despite Comcast's endless extraneous *ad hominem* assaults leveled against Plaintiff, despite a host of meaningless arguments that Comcast advances as if it were a party to this lawsuit, and despite the fact that Comcast's sole connection to this case is its exclusive possession of information essential to the identification of the infringers who engaged in wrongful conduct, at the end of the day, all that Comcast really wants is one thing. In a memorandum actually made with an air of moral superiority, Comcast wants this Honorable Court to aid them in blocking the identification of those Internet subscribers who used their accounts to illegally infringe on Plaintiff's copyrighted works. Comcast solicits this Honorable Court's assistance in thwarting Plaintiff's effort to vindicate its legal rights by barring its only means of determining the identities of those who violated it.

**ARGUMENT**

This brief consists of two parts. Part I argues that Comcast's joinder argument is erroneous. Part II argues that Comcast's *ad hominem* attacks are not a basis for allowing it to escape compliance with the subpoena.

**I.     COMCAST'S JOINDER ARGUMENT IS ERRONEOUS**

The majority of nonparty Comcast's response is devoted to arguing that joinder is improper with respect to the putative defendants. (ECF No. 22 at 2-3, 5-8.) The Court must put Comcast's argument in its proper context. Here, a *nonparty* is arguing that it—and not the courts—should decide whether the underlying merits of a case are sufficiently meritorious and whether a court order is sufficiently persuasive before responding to a subpoena. This attempt at usurping judicial authority is, as one federal judge noted, "pretty amazing." Mot. to Quash Tr. 95-96, *AF Holdings v. Does 1,058*, No. 12-cv-00048-BAH (D.D.C. 2012) Apr. 27, 2012. Comcast is not a super judge that can pick-and-choose which cases it believes are sufficiently meritorious before responding to a subpoena. Nor does a nonparty, such as Comcast, have any basis for claiming standing to argue joinder on behalf of parties to the case.

Comcast's response rests heavily upon a recent decision by the Honorable Chief Judge Holderman. (ECF No. 22 at 2-3) (citing *Pacific Century International v. John Does 1-37, et al.*, 2012 WL 1072312, No. 12-1057 (N.D. Ill. Mar. 30, 2012), ECF No. 23). This reliance is quite remarkable, given that Judge Holderman ruled that nonparty ISPs must produce the identifying information of parties to the case.

Comcast cites an excerpt from that opinion, "subpoenas seeking the identity of *non-party* IP addresses are not reasonably calculated to lead to the discovery of evidence relevant to the

pending claims." (ECF No. 22 at 7) (citing *Pacific Century,* 2012 WL 1072312 at *9) (emphasis added). Here, however, Plaintiff is *not* seeking discovery about any *non-*parties. Plaintiff is seeking the identities of the *party* John Doe Defendants in this action. (*See* ECF 5.) Judge Holderman ruled that the plaintiff was entitled to the identifying information of the *party* defendants. *Pacific Century*, No. 12-1057, ECF No. 23 at *11 ("There are no relevancy concerns related to that subpoena, because the IP address about which the plaintiffs are seeking information is already a defendant.").

To be fair, Comcast notes that Judge Holderman's decision to deny plaintiff access to the identifying information of non-parties differs from the instant case (*Id.* at *2 n 1). However, Comcast might have fallen a bit short of its duty of candor to this Court when it failed to disclose that Judge Holderman compelled production of identifying information in the very same circumstances present in this case. *Id.* at *11. Judge Holderman confirmed his decision that plaintiffs are entitled to party Doe defendants' identifying information in a later order in the same case. *Id.*, ECF No. 32 at *5-6 (explaining that the identities of the individual John Doe defendants "is discoverable" from the ISPs "under the rules articulated in the court's order of March 30.") Thus, the very case that Comcast cites to avoid compliance with Plaintiff's subpoena stands for the proposition that Comcast has no colorable basis for doing so.

Further, the Honorable Judge Pallmeyer granted a nearly identical motion to compel in *Sunlust Pictures, LLC v. Does 1-75*, No. 12-1546 (Apr. 27, 2012), ECF No. 14. Judge Pallmeyer also denied Comcast's motion to vacate the court's April 27, 2012 order. *Id.*, ECF No. 24. Courts in this jurisdiction and nationwide have consistently held that Plaintiff and other similar plaintiffs are entitled to the identifying information of party defendants.

3

Comcast fails to disclose nine (9) other decisions from the Northern District of Illinois that are substantially similar factually and procedurally to the present action.[1] Comcast also offers no legal reasoning to support its request for this Court to reverse course as to joinder. (*See generally* ECF No. 22.) Comcast fails to counter the argument that joinder, at least at this juncture of the litigation, will benefit the only party in this case, namely Plaintiff, and will benefit the putative defendants who stand the risk of being associated with multiple IP addresses and defending multiple suits if severed. (*See generally* ECF No. 22); *see also First Time Videos, LLC v. Does 1-500*, No. 10-6254, 2011 WL 3498227 (N.D. Ill. Aug. 9, 2011) ("joinder at this stage is consistent with fairness to the parties and in the interest of convenience and judicial economy").

Finally, Comcast does not establish any conceptual link between the relief they seek— being excused from complying with Plaintiff's subpoena—and the legal standard for evaluating its request for such relief. Federal Rule of Civil Procedure 45 sets forth an exhaustive list of grounds on which a nonparty may move to quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3).

---

[1] *First Time Videos, LLC v. Does 1-76*, No. 11-3831 (N.D. Ill. Aug. 16, 2011), ECF No. 38 at *10-11 (explaining that "findings of misjoinder is such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery."); *Pink Lotus Entertainment, LLC v. Does 1-20*, No. 11-3048 (N.D. Ill. Dec. 8, 2011), ECF No. 25 at *1-2 (finding joinder proper); *First Time Videos, LLC v. Does 1-500*, No. 10-6254, 2011 WL 3498227 (N.D. Ill. Aug. 9, 2011) at *11 (finding that "joinder at this stage is consistent with fairness to the parties and in the interest of convenience and judicial economy."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 at *2 ("the [movants] argue that this Court may lack personal jurisdiction over them, that venue may be improper, that the defendants have been improperly joined in this action . . . These arguments are premature."); *Hard Drive Productions, Inc. v. John Does 1-44*, No. 11-2828 (N.D. Ill. Aug. 9, 2011), ECF No. 15 at *2-3 (finding that misjoinder arguments are premature at this stage of the litigation); *MCGIP vs. Does 1-316*, No. 10-6677 (N.D. Ill. June, 9, 2011), ECF No. 133 at *2 (same); *Hard Drive Productions, Inc. v. Does 1-55*, No. 11-2798 (N.D. Ill. Oct. 12, 2011), ECF No. 24 (finding joinder to be proper at the pleading stage of litigation); *Hard Drive Productions, Inc. v. Does 1-1000*, No. 10-5606 (N.D. Ill. July 7, 2011), ECF No. 201 (denying motions to quash that raised joinder arguments); *Hard Drive Productions, Inc. v. Does 1-51, et al.*, No. 11-5414 (N.D. Ill Nov. 16, 2011), ECF No. 41 (same).

These grounds do not include a nonparty's concerns regarding joinder. *Id.* In fact, Plaintiff is not aware of a circumstance where a nonparty avoided compliance with a subpoena based on its subjective views on joinder.

## II. COMCAST'S *AD HOMINEM* ATTACKS ARE NOT A BASIS FOR AVOIDING COMPLIANCE WITH THE SUBPOENA

Comcast argues that it should not have to comply with Plaintiff's valid subpoena because of "the *modus operandi* of [Plaintiff's] litigation tactics." (ECF No. 22 at 8.) In support of its request for this extreme sanction, Comcast accuses Plaintiff's counsel of unfair litigation tactics and attempts to hold Plaintiff's counsel responsible for the misdeeds of others. (*Id.* at 8-10.)

Comcast accuses Plaintiff's counsel of engaging in "unfair litigation tactics." (ECF No. 22 at 3, 8-9.) Its primary support for this accusation is the false statement that Plaintiff has "no interest in actually litigating its claims against the Doe defendants." (*Id.* at 3.) Of course, non-party Comcast has no information as to what Plaintiff's subjective litigation "interests" are. And to the extent that Comcast's statements are directed at the interests of Plaintiffs' counsel, they are demonstrably untrue.[2] For the record, Plaintiff has great interest in litigating its claim against individuals that have infringed on its copyrighted work.

---

[2] Plaintiff's counsel has named and served numerous defendants in action similar to the instant case. *See e.g.*, *Achte/Neunte Boll Kino v. Michael Famula*, No. 11-0903 (N.D. Ill. Feb. 9, 2011); *Achte/Neunte Boll Kino v. Daniel Novello*, No. 11-0898 (N.D. Ill Feb. 9, 2011); *Hard Drive Productions, Inc. v. Syed Ahmed*, No. 11-2828 (N.D. Ill. Oct. 25 2011); *Boy Racer, Inc. v. Philip Williamson*, 11-cv-3072 (E.D. Cal. Dec. 12, 2011); *First Time Videos, LLC v. Mike Younger*, No. 11-3837 (N.D. Ill. Dec. 30, 2011); *Millennium TGA, Inc. v. Tyree Paschall*, No. 12-792 (S.D. Ca. Apr. 2, 2012); *Hard Drive Productions, Inc. v. Gessler Hernandez*, No. 11-22206 (S.D. Fla. Apr. 9, 2012); *First Time Videos LLC v. William Meyer, Jr.*, No. 11-690 (E.D. Va. Apr. 16, 2012); *First Time Videos LLC v. Christopher Plotts*, No. 11-8336 (N.D. Ill. Apr. 17, 2012); *Hard Drive Productions, Inc. v. John Doe and Matthew Rinkenberger*, No. 12-1053 (C.D. Ill. Apr. 24, 2012); *AF Holdings LLC v. John Doe and John Botson*, No. 12-2048 (N.D. Cal. Apr. 24, 2012); *AF Holdings LLC v. John Doe and Josh Hatfield*, No. 12-2049 (N.D. Cal. Apr. 24, 2012); *AF Holdings LLC v. John Doe and Francisco Rivas*, No. 11-3076 (E.D. Cal. Apr. 25, 2012).

Case: 1:11-cv-09064 Document #: 25 Filed: 05/29/12 Page 6 of 8 PageID #:129

Comcast seems to take issue with the fact that similar plaintiffs often settle the majority of their claims. (ECF No. 22 at 9-10.) Accusations on this point fail because they rest upon the premise that settlement is disfavored. The United States Supreme Court has held otherwise. Public policy favors settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005); *accord Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910) ("Compromises of disputed claims are favored by the courts."); *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 461 (2d Cir. 1982) (noting "the paramount policy of encouraging settlements"). Comcast should remember its role. It is Plaintiff that has suffered an injury. The only choices available to Plaintiff are to avail itself of the legal process or to accept rampant piracy. For Plaintiff to reach a private resolution of its copyright claims with infringers who are often represented by able counsel—in lieu of taking a matter to trial—is not abusive, but encouraged. Proper use of the legal process cannot plausibly serve as a basis for the extreme sanction requested by Comcast, which is to prevent Plaintiff from seeking remedies available to it under Federal law against copyright infrginers.

## **CONCLUSION**

Comcast does not argue whether Plaintiff's copyright infringement claim is meritorious or whether Plaintiff's subpoena was properly issued. (*See generally* ECF No. 22.) Comcast does not dispute whether copyright infringement is happening on a massive scale. Comcast does not even argue that Plaintiff's subpoena imposes an undue burden.

This Court is being asked whether the law permits a third-party deponent to object to a valid subpoena on grounds having absolutely no relation to Rule 45. Further, the Court is being asked whether fundamental notions of Due Process allow Comcast to usurp the litigation prerogative of the actual parties to this case. Finally, the Court is being asked whether an undue

burden claim requires more than simply repeating the words "undue" and "burden." The answers to these questions are obvious. Comcast has not presented a valid basis under the law to allow it to avoid compliance with Plaintiff's subpoenas, and this Court should grant Plaintiff's motion to compel Comcast to respond to the subpoenas.

                              Respectfully submitted,

                              Pacific Century International LTD

DATED: May 29, 2012

                              By:    By: /s/ Paul Duffy
                                        Paul Duffy (Bar No. 6210496)
                                        Prenda Law Inc.
                                        161 N. Clark St., Suite 3200
                                        Chicago, IL 60601
                                        Telephone: (312) 880-9160
                                        Facsimile: (312) 893-5677
                                        E-mail: paduffy@wefightpiracy.com
                                        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 29, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Paul Duffy
Paul Duffy