IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL LTD, | CASE NO. 1:11-cv-09064 |
| Plaintiff, | |
| | Judge: Hon. Harry D. Leinenweber |
| v. | |
| | Magistrate Judge: Hon. Morton Denlow |
| DOES 1 – 31, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO NON-PARTY'S MOTION FOR LEAVE TO FILE ADDITIONAL AUTHORITY**

Comcast filed a motion for leave to file additional authority, in which it seeks to bring a recent decision by the Honorable Chief Judge Holderman to this Court's attention. This proposed submission is quite remarkable, given that Judge Holderman ruled that nonparty ISPs must produce the identifying information of anonymous parties.

The *only* proposition that Judge Holderman's denial of a motion to reconsider stands for is that, "subpoenas seeking the identity of *non-party* IP addresses are not reasonably calculated to lead to the discovery of evidence relevant to the pending claims." *Pacific Century Int'l v. John Does 1-37,* 2012 WL 1072312 (emphasis added). Here, however, Plaintiff is *not* seeking discovery about any *non*-parties. Plaintiff is seeking the identities of the *party* John Doe Defendants in this action. (*See* ECF 5.) Judge Holderman ruled that the plaintiffs were entitled to the identifying information of the *party* defendants. *Pacific Century*, No. 12-1057, ECF No. 23 at *11 ("There are no relevancy concerns related to that subpoena, because the IP address about which the plaintiffs are seeking information is already a defendant.").

Comcast grossly underestimates this Court. Judge Holderman's ruling could not be more clear. Yet, Comcast believes it can—via a vague motion to file supplemental authority—rook this Court into believing that Judge Holderman's opinion was decided in Comcast's favor. If this Court elects to follow Judge Holderman's opinion, then under the circumstances of this action, it must rule in Plaintiff's favor. If Comcast had any interest in fulfilling its duty of candor to this Court, it might have mentioned at least one of nine (9) other decisions from the Northern District of Illinois that are substantially similar factually and procedurally to the present action—and very much in Plaintiff's favor.[1]

## **CONCLUSION**

Comcast does not argue whether Plaintiff's copyright infringement claim is meritorious or whether Plaintiff's subpoena was properly issued. (*See generally* ECF No. 22.) Comcast does not dispute whether copyright infringement is happening on a massive scale. Comcast does not even argue—as it must to prevail—that Plaintiff's subpoena imposes an undue burden.

---

[1] *First Time Videos, LLC v. Does 1-76*, No. 11-3831 (N.D. Ill. Aug. 16, 2011), ECF No. 38 at *10-11 (explaining that "findings of misjoinder is such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery."); *Pink Lotus Entertainment, LLC v. Does 1-20*, No. 11-3048 (N.D. Ill. Dec. 8, 2011), ECF No. 25 at *1-2 (finding joinder proper); *First Time Videos, LLC v. Does 1-500*, No. 10-6254, 2011 WL 3498227 (N.D. Ill. Aug. 9, 2011) at *11 (finding that "joinder at this stage is consistent with fairness to the parties and in the interest of convenience and judicial economy."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 at *2 ("the [movants] argue that this Court may lack personal jurisdiction over them, that venue may be improper, that the defendants have been improperly joined in this action . . . These arguments are premature."); *Hard Drive Productions, Inc. v. John Does 1-44*, No. 11-2828 (N.D. Ill. Aug. 9, 2011), ECF No. 15 at *2-3 (finding that misjoinder arguments are premature at this stage of the litigation); *MCGIP vs. Does 1-316*, No. 10-6677 (N.D. Ill. June, 9, 2011), ECF No. 133 at *2 (same); *Hard Drive Productions, Inc. v. Does 1-55*, No. 11-2798 (N.D. Ill. Oct. 12, 2011), ECF No. 24 (finding joinder to be proper at the pleading stage of litigation); *Hard Drive Productions, Inc. v. Does 1-1000*, No. 10-5606 (N.D. Ill. July 7, 2011), ECF No. 201 (denying motions to quash that raised joinder arguments); *Hard Drive Productions, Inc. v. Does 1-51, et al.*, No. 11-5414 (N.D. Ill Nov. 16, 2011), ECF No. 41 (same).

Respectfully submitted,

Pacific Century International LTD

DATED: May 31, 2012

By: By: /s/ Paul Duffy
Paul Duffy (Bar No. 6210496)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 31, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Paul Duffy
Paul Duffy