# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 9064 | DATE | 6/12/2012 |
| CASE TITLE | Pacific Century International vs. Does 1-31 | | |

**DOCKET ENTRY TEXT**

For the following reasons, and subject to the limitations described below, Plaintiff's motion to compel compliance with a subpoena [DKT 16] is granted.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

### I. Background

   Plaintiff Pacific Century International, Ltd. ("Pacific") moves under Fed. R. Civ. P. 45(c)(2)(B) to compel Comcast Cable Communications, LLC ("Comcast") to comply with a subpoena *deuces tecum* served on March 13, 2012. Plaintiff seeks identifying information for Comcast internet service customers, including their names, addresses, telephone numbers, e-mail addresses, and Media Access Control addresses.
   In brief, Plaintiff is a Maltese adult entertainment provider. Plaintiff has filed suit against 31 "John Doe" defendants, alleging copyright infringement and civil conspiracy. The as-yet anonymous defendants allegedly unlawfully downloaded and shared Plaintiff's video using the BitTorrent Internet filesharing protocol. As one court recently explained:

> BitTorrent works by breaking files into many smaller files 'to reduce the load on the source computer… and allows users to join a 'swarm' of host computers to download and upload from each other simultaneously….' BitTorrent also uses a "tracker" computer that tracks the pieces of the files as those pieces are shared among various computers.

*In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995, 12-1147, 12-1150, 12-1154, 2012 WL 1570765, at *2 (E.D.N.Y. May 1, 2012) (citations omitted).
   Currently, Plaintiff knows each Defendant only by his or her Internet Protocol address ("IP address"), which is a number assigned to computers and devices connected to the Internet. Plaintiff has subpoenaed Comcast for information identifying who owns some of the IP addresses, pursuant to this Court's January 10, 2012 order permitting expedited *ex-parte* discovery to identify the identity of the defendants.

### II. Legal Standard

   A court must quash a subpoena if, *inter alia*, it requires disclosure of privileged or protected matter (and no exception or waiver applies) or compliance would place an undue burden on the person. Fed. R. Civ. P. 45(c)(3)(A). To assess the burden, courts weigh the benefits of producing the material, including its relevance, against the burden of production. *Pac. Century Intern., Ltd. v. Does 1-37*, --- F.Supp.2d ----, 2012

| STATEMENT |
|---|

WL 1072312, at *9-10 (N.D. Ill. May 21, 2012). The fact that a subpoena recipient is not a party to litigation receives "special weight" in determining whether the burden is undue. *United States v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 WL 3111972, at *5 (N.D. Ill. Oct. 21, 2005). Similar to Rule 45, Rule 26 requires a court to limit discovery if the burden or expense of the discovery outweighs its benefit, and allows the court, for good cause, to issue an order protecting a party or person from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26 (b) (2) (C), (c).

Persons may be joined as defendants in a suit that presents common questions of law or fact as to all of them, if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[.]" Fed. R. Civ. P. 20(a)(2). At any time, a court may add or drop parties or sever parties and claims. Fed. R. Civ. P. 21.

### III. Discussion

Plaintiff seeks to compel Comcast to produce identifying information for several of the John Doe defendants. Comcast objects on two primary bases: first, that the Doe defendants are misjoined, and second, that Plaintiff should not use this Court to further its abusive and unfair litigation tactics. Comcast notes that Chief Judge Holderman recently heard a consolidated case similar to this one, in which an Internet service provider (like Comcast) objected to producing this information for non-party John Does. There, Judge Holderman permitted disclosure regarding a Doe defendant, but not the non-party alleged co-conspirators to the infringement. *Pac. Century Intern., Ltd. v. Does 1-37*, 2012 WL 1072312, at *4-5. Comcast essentially argues that because the Doe defendants here are misjoined, they are just as irrelevant to this case as the non-party Does were to that case, and that disclosing such irrelevant information constitutes an undue burden.

### A. Joinder

To support its joinder argument, Comcast points to the rash of similar lawsuits nationwide, and a growing list of district courts that have severed these (sometimes mega-) suits, forcing plaintiffs to proceed, if at all, one defendant at a time. The Court recognizes that there is a split of authority over whether it is appropriate to join many anonymous defendants alleged to have participated in a single downloading "swarm" in a single suit. *Compare, e.g., In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *11(finding joinder inappropriate due to insufficient allegations that the defendants actually shared file bits with one another); *Lightspeed Media Corp. v. Does 1-1000*, No. 10-C-5604, at 2 (N.D. Ill. Mar. 31, 2011) (Manning, J.); *CP Prods. Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 (N.D. Ill. Feb. 24, 2011)(Shadur, J.)(finding the violations separate and personal jurisdiction lacking) *with Digital Sin, Inc. v. Does 1-176,* No. 12-CV-00126, 2012 WL 263491, at *5 (S.D.N.Y. Jan. 30, 2012) (finding joinder appropriate at this stage); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252-53 (N.D. Ill. 2011) (Castillo, J.)(same); *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D. Ill. 2011)(Bucklo, J.)(same); *Hard Drive Prods., Inc. v. Does 1-44*, No. 11 C 2828, at 3 (N.D. Ill. Aug. 9, 2011) (Holderman, J.)(same).

This Court respectfully joins the latter group and concludes that, at least at this stage, Plaintiff's allegations that the anonymous defendants participated in the same "swarm" (at varying times spanning just over one month) sufficiently alleges that they were involved in "a series of transactions" to warrant joinder under Rule 20. *See MGCIP v. Does 1-316*, No. 10 C6677, 2011 WL 2292958, at *2 (N.D. Ill. 2011) (finding joinder proper at this stage and noting that the individual defendants could re-raise the joinder issue as named parties). The Court also notes that, unlike many of the cases where courts have found joinder improper, Plaintiff has sued only Doe defendants whose IP addresses appear to be based in Illinois. *Cf. CP Prods., Inc. v. Does 1-300*, 2011 WL 737761, at *1 (objecting to the large number of defendants over which the court demonstrably lacked personal jurisdiction). (To the extent that Plaintiff's geolocation of the allegedly infringing IP addresses is incorrect, the defendants may interpose jurisdictional objections at the appropriate time.)

As to the second requirement for joinder, this suit appears to involve questions of law and fact

**STATEMENT**

common to all defendants, including whether Plaintiff is a proper copyright holder, whether violations of the Copyright Act have occurred, and whether entering a BitTorrent swarm constitutes willful copyright infringement. *See First Time Videos, LLC v. Does 1-76*, 276 F.R.D. at 257-58. Accordingly, joinder is proper here. (Ordinarily, joinder would also be proper in light of the alleged civil conspiracy to unlawfully share the video. However, this Court shares Chief Judge Holderman's skepticism that such a claim holds water where Plaintiff has failed even to plead an agreement among the defendants. *See Pac. Century Intern., Ltd. v. Does 1-37*, 2012 WL 1072312, at *4.). Accordingly, the Court disagrees with Comcast that improper joinder makes any production of information identifying the Doe defendants an undue burden. (It appears undisputed that Comcast will suffer little other burden, as Plaintiff has agreed to reimburse Comcast for its reasonable expenses.)

### B. Abusive Litigation Practices

The split of authority identified above seems to be based on the tension between two valid policy considerations — the general rule that joinder is to be construed broadly to facilitate efficient litigation, and the concern that fear of being named in such suits, along with the unsavory litigation tactics sometimes employed in similar cases, will unfairly coerce settlements from even innocent defendants. *See* Fed. R. Civ. P. 1 (noting that the Rules should be administered to secure "the just, speedy, and inexpensive determination of every action[.]"). *Compare Call of the Wild Movie, LLC v. Does 1-1,062,* 770 F.Supp. 2d 332, 344 (D.D.C. 2011)(noting that requiring a plaintiff to file individual lawsuits is an ineffective use of financial and judicial resources) *with SBO Pictures, Inc. v. Does 1-3036,* No. 11-4220, 2011 WL 6002620, at*4 (N.D. Cal. Nov. 30, 2011) (arguing that the potential for coerced settlements "trumps Plaintiff's interest in maintaining low litigation costs."). The Court is not insensitive to the risks of coercion and abusive litigation tactics, as amply supported by the conduct in similar cases (for example, harassing defendants by phone). However, discovery of identifying information is necessary for this case to proceed (as it would be had the Court severed the defendants). Given this balance of interests, the Court believes that the defendants can be adequately protected, in substantial part through the notice and objection procedures outlined below. However, the Court accordingly also orders Comcast not to turn over the Doe Defendants' phone numbers.

47 U.S.C. § 551 precludes a cable operator such as Comcast from disclosing its subscribers' personal information unless it notifies the subscriber. 47 U.S.C. § 551(c)(2). *See Pac. Century Intern., Ltd. v. Does 1-37*, 2012 WL 1072312, at *3. Accordingly, this Court orders that such notice be provided to the individual Doe defendants *before* identifying information is turned over to Plaintiff, and will allow the Doe defendants to file objections and appropriate motions before that information is turned over. Accordingly, the Court gives Comcast 30 days to identify the relevant Doe and provide them with notice of the litigation and subpoena, along with a copy of this order. Those defendants have 30 days from the date that they receive the subpoena to file an objection or other appropriate motion with this Court. Only after all such objections are resolved is Comcast to turn over the remaining information (as modified by this and any subsequent orders) to Plaintiff. *Cf. Digital Sin, Inc. v. Does 1-176,* 2012 WL 263491, at *6 (adopting similar procedures).

### IV. Conclusion

For the reasons and subject to the limitations identified above, Plaintiff's motion to compel compliance with a subpoena is granted.