**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PACIFIC CENTURY INTERNATIONAL LTD, | ) ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:11-cv-09064 |
| | ) | |
| v. | ) | |
| | ) | Judge: Hon. Harry D. Leinenweber |
| DOES 1 – 31, | ) | Magistrate Judge: Hon. Morton Denlow |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO MOVANT'S OMNIBUS MOTION

An anonymous individual ("Movant") filed an omnibus motion to sever defendants and/or quash the subpoena and/or issue a protective order. (ECF No. 31.) In support of this motion, Movant argues that joinder of the Defendants in this action is improper. (*Id.* at 3-7.) Movant further argues that Plaintiff's requested discovery will not reveal the identities of the infringers. (*Id.* at 8-10.) Movant's final legal argument is that Plaintiff's subpoena violates his First Amendment rights. (*Id.* at 10-11.) In addition to his legal arguments, Movant makes several *ad hominem* attacks against Plaintiff (*id.* at 1-2), and several other extra-legal arguments (*id.* at 11-14.). For the reasons set forth below, Movant's motion should be denied.

## ARGUMENT

This brief consists of four parts. Part I argues that Movant's motion suffers from several procedural defects. Part II argues that Movant's legal arguments do not provide a basis for the relief he seeks. Part III argues that Movant is not entitled to a protective order. Part IV argues

that Movant's extra-legal arguments are inappropriate and do not provide a basis for the relief he seeks.

## I.     MOVANT'S MOTION SUFFERS FROM FATAL PROCEDURAL DEFECTS

Movant's motion suffers from two procedural defects. First, Movant lacks standing to move to quash the subpoena based on the arguments he raises and lacks standing to move for a protective order. Second, Movant's motion does not comply with Federal Rule of Civil Procedure 11.

### A.  Movant Lacks Standing to Move to Quash the Subpoena Based on the Arguments He Raises and Lacks Standing to Move for a Protective Order

In regards to Movant's motion to quash the subpoena, when a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege. *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought."); *see also Hard Drive Productions, Inc. v. Does 1-48*, No. 11-9062 (N.D. Ill. June 14, 2012), ECF No. 28 at *7. All subpoenas issued pursuant to the Court's March 5 Order (ECF No. 14) were issued to nonparty Internet Service Providers ("ISPs"). And Movant did not make a claim of personal right of privilege anywhere in his motion. (*See generally* ECF No. 31.) Movant's motion should therefore be denied, as he lacks standing to bring any of his arguments to quash or modify the subpoena.

In regards to Movant's motion for a protective order, the plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movant is not a party to this case as no one has yet been named or served. Nor is Movant a person from whom discovery is sought. Plaintiff sought (ECF No. 5), and was granted (ECF No. 14), discovery from ISPs. All subpoenas issued pursuant to the Court's March 5 Order (*id.*) were issued to nonparty ISPs. Movant, therefore, lacks standing to move for a protective order.

### B. Movant's Motion Should be Denied for Failure to Comply with Federal Rule of Civil Procedure 11

Movant fails to provide any identifying information sufficient to satisfy the Federal Rules of Civil Procedure. Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Hard Drive Productions, Inc. v. Does 1-48*, No. 11-9062 (N.D. Ill. June 14, 2012), ECF No. 28 at *5. Courts routinely deny motions for failing to comply with this essential rule. *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (denying a motion because "the filer did not state the signer's address, e-mail address, or telephone number as required by Rule 11 of the Federal Rules of Civil Procedure."). Movant fails to provide a name, address, e-mail address, telephone number, IP address, or even a copy of any legal documents (such as the subpoena) he has received in this case. (*See generally* ECF No. 31.) This Court cannot be sure that Movant has any legal status in this case. The Court has a

responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22 at *2-3 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should deny Movant's motion for failure to comply with this rule.

## II. MOVANT'S LEGAL ARGUMENTS DO NOT PROVIDE A BASIS FOR THE RELIEF HE SEEKS

Even if Movant's motion did not suffer from fatal procedural defects, Movant's motion should denied be on the substance of Movant's arguments. First, joinder is proper at this stage of the litigation. Second, Plaintiff's discovery request will reveal the identities of the Defendants. Third, Plaintiff's need for the information sought in the subpoena outweighs Movant's limited First Amendment rights.

### A. Joinder is Proper at this Early Stage of the Litigation

Movant argues that "Plaintiff's joinder of 31 unrelated Defendants in this action is improper." (ECF No. 31 at 3.) The majority of courts across the country, considering cases with nearly identical facts, however, have decided that joinder is proper at this stage in the litigation. *First Time Videos, LLC, v. Does 1-76*, 11-3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *3 ("With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil

Procedure 20(a)(2) has been satisfied."); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 ("courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate."); *MCGIP, LLC v. Does 1-18*, No. 11-1495 (N.D. Cal. June 2, 2011), ECF No. 14 at *2 ("at this stage in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper.").

Movant argues that the Defendants did not participate in the same "series of transactions" because Plaintiff did not properly plead that the Defendants participated in the swarm at the same time. (ECF No. 31 at 5.) This temporal concern, however, does not defeat the "transaction or occurrence" element of the legal standard for assessing the propriety of permissive joinder. To aid in their application of the "transaction or occurrence test," courts look to how the test is applied in other provisions of the Federal Rules, such as Rule 13(a). *Mosley v. General Motors Corporation*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). The Supreme Court states that the meaning of "transaction", as used in Rule 13(a), "may comprehend a series of many occurrences, depending not so much upon the immediateness of their own connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Accordingly, "Rule 20 would permit all reasonably related claims by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley*, 497 F.2d at 1333. Participation in a single swarm establishes this logical relationship. *See Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-02766 MEJ, 2011 WL 3740487 *6 (N.D. Cal. Aug. 24, 2011) ("[T]he Court finds that Plaintiff has at least presented a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of "same transaction, occurrence, or series of

transactions or occurrences" for purposes of Rule 20(a)(1)(A)). Whether the Defendants were in "the swarm for 1 minute or for 1 year" is not the ultimate determination for the purposes of joinder. Further, Plaintiff and the Court will not know this information until the identities of the Defendants are known and an inquiry can be made. Misjoinder challenges are premature.

Movant argues that "Plaintiff's allegations that Defendants committed the same type of violation in the same way simply does not equate to participation in the same transaction, occurrence, or series of transaction or occurrences." (ECF No. 31 at 6.) Plaintiff alleged more than simply that the Defendants committed the same violation by the same means—the Complaint alleges that the Doe Defendants used the BitTorrent protocol to distribute Plaintiff's works amongst themselves—which by virtue of the nature of the BitTorrent protocol necessarily involves collaboration among the Does Defendants. (Compl., ECF No. 1 ¶ 9.) ("The series of transactions in this case involved exchanges pieces of the Video file with other Defendants in the group of individuals who were sharing pieces of the file among on another (i.e. the swarm) to obtain a complete copy of the video."); *see also, e.g., Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-02766 MEJ, 2011 WL 3740487 *6 (N.D. Cal. Aug. 24, 2011) ("[T]he Court finds that Plaintiff has at least presented a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of 'same transaction, occurrence, or series of transactions or occurrences' for purposes of Rule 20(a)(1)(A)").

Finally, Movant argues that joinder would cause "prejudice" Defendants and result in "a lack of judicial economy." (ECF No. 31 at 6.) To the contrary, the fact that the Doe Defendants are joined in a single case increases fundamental fairness and judicial economy of the action. *First Time Videos, LLC v. Does 1-500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011), ECF No. 151 at

*20 ("joinder at this stage is consistent with fairness to the parties and in the interest of convenience and judicial economy because joinder will secure the just, speedy, and inexpensive conclusion for both [the plaintiff] and any future named defendants.") This increase in convenience and judicial economy is due to the fact that the arguments raised at this early stage of the litigation will be virtually identical for all the defendants involved and the defendants can join in the arguments of others. *See e.g.*, *Bubble Gum Productions, LLC. v. Does 1-80*, No. 12-20367 (S.D. Fla. July 11, 2012), ECF No. 38 ("The arguments presented by John Does 173.78.113.99 and 67.235.124.186 are substantially similar to those put forth by John Does 96.254.79.140, 74.236.92.167, 108.9.118.50, and 173.78.3.222 in the Reply filed as Docket Entry 34 in this matter. Therefore, John Does 173.78.113.99 and 67.235.124.186 hereby join and adopt by reference Docket Entry 34.") At some point in the litigation the claims among the Defendants may differ, but until that time severance is premature. *MGCIP vs. Does 1-316*, No. 10-6677 (N.D. Ill. June, 9, 2011), ECF No. 133 at *2 ("The Court also finds that the putative defendants' arguments that they were improperly joined are premature.") Therefore joinder is proper at this stage of the litigation.

### B.  Plaintiff's Discovery Request Will Reveal the Identities of the Defendants

Movant argues that Plaintiff's discovery request will not reveal the identities of the Defendants. (ECF No. 31 at 8-10.) Movant bases this argument on the fact that the subscribers associated with the IP addresses over which the infringement took place are not necessarily the actual infringers. (*Id.*) Even when the subscribers are not the actual infringers, however, they are the only persons in possession of information that will allow Plaintiff to locate the individuals who used the Internet accounts to commit the infringement. Under the Rules, Plaintiff may only name and serve individuals in the action if Plaintiff has a good faith basis to do so. *See* Fed. R.

Civ. P. 11(b). Plaintiff will not name and service innocent individuals, so Plaintiff needs the identifying information of the subscribers associated with the infringement in order to be able to properly name and serve the true infringers. Whether or not the subscribers are the true infringers, Plaintiff's discovery request will lead to identities of the Defendants.

### C. Plaintiff's Need for the Information Sought in the Subpoena Outweighs Movant's Limited First Amendment Privacy Interests

Movant argues that "the First Amendment applies" here and that he has a right to engage in anonymous online communication. (ECF No. 31 at 10-11.) Plaintiff has shown a legitimate need for discovery of Movant's identity that outweighs Movant's limited First Amendment rights and his limited right to anonymous speech. *MCGIP, LLC v. Does 1-14*, No. 11-2887, at *2 (N.D. Ill. July 26, 2011), ECF No. 19 ("This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identifies."); *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (finding that Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing had little expectation of privacy.").

Federal courts across the nation have repeatedly held that the First Amendment does not protect that person's identity from disclosure when they use the Internet to download or distribute copyrighted works without permission. *See, e.g.*, *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v.*

8

*Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."). And as Plaintiff explained in its discovery request, it has made a *prima facie* showing of copyright infringement. (ECF No. 5-1 at 9.)

Movant cannot cloak his identity in the First Amendment when his infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Because Movant's limited privacy interest must give way in light of Plaintiff's *prima facie* showing of copyright infringement, the Court should deny Movant's motion.

## III.    MOVANT IS NOT ENTITLED TO A PROTECTIVE ORDER

Movant requests a protective order. (ECF No. 31.) Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Movant does not qualify for such an order, as Movant is not subject to Plaintiff's subpoenas, and thus, does not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery

requests. *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding

that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). As

explained above, *see* supra Part II(C), a person who uses the Internet to download or distribute

copyrighted works without permission is engaging in the exercise of speech, but only to a limited

extent, and the First Amendment does not protect that person's identity from disclosure. *See,*

*e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that

plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First

Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8

(D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy

interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.");

*Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004). Movant

cannot cloak his identity in the First Amendment when the infringing activities themselves are

not private: "[I]t is difficult to say that Doe had a strong expectation of privacy because he or she

either opened his or her computer to others through file sharing or allowed another person to do

so." *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2,

2011); *see also Voltage Pictures*, 2011 WL 1807438 at *4 (finding movants' rights to anonymity

to be minimal). The Court should deny a protective order because Movant is not subject to

Plaintiff's subpoenas and Movant's privacy interests are minimal.

## IV. MOVANT'S NON-LEGAL ARGUMENTS ARE INAPPROPRIATE AND DO NOT PROVIDE A BASIS FOR THE RELIEF HE SEEKS

Perhaps understanding that his legal arguments are not a basis for the relief he seeks,

Movant makes several *ad hominem* attacks against Plaintiff. (ECF No. 31 at 1-2.) Movant

accuses Plaintiff of "extort[ing] settlements from potentially innocent individuals," and of

"harass[ing]" these innocent individuals "with threats." (*Id.*) Movant is trying to make Plaintiff

guilty by association and does not cite to any cases regarding abuse involving Plaintiff or

Plaintiff's counsel. (*See generally id.*) Further, Movant provides no evidence that this type of

conduct is occurring here or will occur here. Movant's *ad hominem* attacks do not provide a

basis for the relief he seeks. *See* Fed. R. Civ. P. 21; 26(c); 45(c)(3). Plaintiff and other similarly

situated digital media copyright holders are facing an epidemic of infringement over the Internet.

*See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928–29 (2005) (citing

the concern that "digital distribution of copyrighted material threatens copyright holders as never

before"). Fundamental principles regarding protecting and fostering artistic creation did not

disappear simply because artistic works have transitioned from tangible to digital. Plaintiff is

attempting to stem the tide of unabashed copyrighted infringement via BitTorrent. While Movant

goes to great lengths to portray Plaintiff in a negative light, there is nothing wrong with a

corporation focused on protecting its intellectual property—except, of course, from the

perspective of an infringer.

Further, Movant makes a series of bizarre non-legal arguments regarding Media

Copyright Group LLC and Peter Hansmeier. (ECF No. 31 at 11-14.) First, Movant points out

"that Media Copyright Group LLC is no longer an active business and was not an active business

when the declaration was filed." (*Id.* at 11.) This is untrue as the company was terminated after

the declaration had been made. More importantly, declarant Peter Hansmeier continues to

monitor BitTorrent swarms on behalf of digital copyright holders. He is simply associated with a

different company: 6881 Forensics. Second, Movant challenges the merits of Mr. Hansmeier's

declaration. (*Id.* at 12.) The merits of Plaintiff's claims and associated declarations are not at

issue at this stage of the litigation so Movant's arguments are premature. *Achte/Neunte Boll Kino

v. Does 1-4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) ("the merits of this case are not

11

relevant to the issue of whether the subpoena is valid and enforceable."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *5-6 ("While [arguments on the merits] may have merit, they are for another day."). Finally, Movant challenges Mr. Hansmeier's credentials and claims bias. (ECF No. 31 at 13-14.) Mr. Hansmeier's declaration was made under oath, is accurate, and provides proper support for Plaintiff's claims. Any personal attacks on Mr. Hansmeier do not provide a basis for what is stated in the relevant declaration.

## CONCLUSION

The Court should deny Movant's motion. Movant's motion suffers from several procedural defects. Movant's legal arguments do not provide a basis for the relief he seeks. Movant is not entitled to a protective order. Movant's non-legal arguments are inappropriate and do not provide a basis for the relief he seeks.

Respectfully submitted,

Pacific Century International LTD

DATED: August 2, 2012

By:    /s/ Paul Duffy
       Paul Duffy (Bar No. 6210496)
       Prenda Law Inc.
       161 N. Clark St., Suite 3200
       Chicago, IL 60601
       Telephone: (312) 880-9160
       Facsimile: (312) 893-5677
       E-mail: paduffy@wefightpiracy.com
       *Attorney for Plaintiff*

12

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 2, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.


    /s/ Paul Duffy          
PAUL DUFFY